```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - :
RONALD G. TAYLOR and ROSE M.            : 15 Civ. 1536 (PAC) (JCF)
TAYLOR,                                 :
                                        :    REPORT AND
                  Plaintiffs,           :    RECOMMENDATION
                                        :
   - against -                          :
                                        :
NEW YORK CITY POLICE DEPARTMENT;        :
JOHN AND JANE DOE OPERATIVES OF THE     :
NEW YORK CITY POLICE DEPARTMENT;        :
PATRICK CHAN, individually and in       :
his official capacity within the        :
New York City Housing Authority;        :
ARALYN MASON, individually and in       :
her official capacity within the        :
New York City Housing Authority;        :
RENEE WRIGHT, individually and in       :
her official capacity within the        :
New York City Housing Authority;        :
NEW YORK CITY HUMAN RESOURCES           :
ADMINISTRATION, DEPARTMENT OF ADULT     :
PROTECTIVE SERVICE; DET. TARAH          :
BARRETT, Shield #2277; SGT. JUAN        :
ORTIZ, Shield #05606; JOHN AND JANE     :
DOE OPERATIVES OF THE HUMAN             :
RESOURCES ADMINISTRATION, ADULT         :
PROTECTIVE SERVICES DIVISION UP TO      :
AND INCLUDING THE INDIVIDUAL WHO        :
PURPORTED TO BE A PSYCHIATRIST ON       :
11/5/15; THE JOHN AND JANE DOE          :
POLICE OFFICERS; P.O. JESSICA           :
RIVERA, Shield #18470                   :
                                        :
                  Defendants.           :
- - - - - - - - - - - - - - - - - - - - :
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/17

TO THE HONORABLE PAUL A. CROTTY, U.S.D.J.:

In this action pursuant to 42 U.S.C. § 1983, the plaintiffs, Ronald G. Taylor and Rose M. Taylor, allege, among other things, that Mr. Taylor's Fourth and Eighth Amendment

1

rights were violated when members of the New York City Police Department arrested him without probable cause on two occasions. Ms. Taylor alleges that her Fourth and Eighth Amendment rights were violated when members of the New York City Housing Authority allowed her apartment to become uninhabitable. The defendants seek dismissal of the complaint for failure to prosecute. I recommend that the motion be granted.

Background

It is the procedural history that is relevant here, rather than the substantive allegations of the plaintiffs. The plaintiffs filed their original complaint in March 2015. (Complaint at 1). In June 2016, I ordered the parties to complete discovery by December 30, 2016. (Order dated June 28, 2016 ("6/28/16 Order") at 1). The parties have yet to complete discovery, principally because both plaintiffs have failed to attend depositions despite multiple attempts by the defendants to depose them.

The plaintiffs' did not appear for depositions on December 6, 2016, and December 8, 2016. (Letter of David Ferrari dated Dec. 22, 2016 ("Ferrari 12/22/16 Letter") at 2). Although the plaintiffs alerted the defendants that they were not going to attend these depositions, they did not offer alternative dates. (Ferrari 12/22/16 Letter at 2). According to defendants' counsel, the plaintiffs explained that they were "unable to

comply with their discovery obligations because they have been inundated with seeking appropriate medical treatment for Plaintiff Rose Taylor." (Ferrari 12/22/16 Letter at 2). Notwithstanding Ms. Taylor's purported medical treatment, the plaintiffs assured the defendants that they would comply with future discovery requests. (Ferrari 12/22/16 Letter at 2). In light of these assurances, the defendants, rather than moving for sanctions at that time, agreed to file a joint application to extend the discovery deadline. (Ferrari 12/22/16 Letter at 2). I granted the parties' request and extended the deadline to February 28, 2017. (Order dated Dec. 23, 2017).

The plaintiffs next refused to appear for depositions on February 15, 2017, and February 16, 2017. (Letter of David Ferrari dated Feb. 14, 2017 ("Ferrari 2/14/17 Letter") at 2). The plaintiffs stated that they were not going to attend these depositions unless the defendants agreed to pay for the costs associated with their appearances -- including meals and transportation. (Email of Ronald Taylor dated February 13, 2017 ("Taylor 2/13/17 Email"), attached to Letter of Ronald Taylor dated February 21, 2017, at 6).[1] In response to the email, the defendants filed a motion to compel the plaintiffs to appear for

---

[1] Mr. Taylor stated that "unless the City of New York will make arrangement for my conveyance along with suitable appropriate meals I am going to have to withdraw out of hardship." (Taylor 2/13/17 Email).

their depositions. (Ferrari 2/14/17 Letter at 2). I granted that motion and ordered the plaintiffs to appear for depositions on February 20, 2017 and February 22, 2017. (Order dated Feb. 15, 2017 ("2/15/17 Order")). In that Order, I warned the plaintiffs that "[f]ailure to comply with this order shall result in sanctions, including possible dismissal of the complaint." (2/15/17 Order). Later that day, after defense counsel realized that Mr. Taylor's deposition was scheduled for a federal holiday, the defendants requested to change the date of Mr. Taylor's deposition. (Letter of David Ferrari dated February 15, 2017). The next day, I granted that application and ordered Mr. Taylor to appear for his deposition on March 7, 2017 rather than February 22, 2017. (Order dated February 16, 2017 (2/16/17 Order")). In that Order, I further warned Mr. Taylor that "[f]ailure to appear will result in sanctions, including possibly dismissal of the complaint. (2/16/17 Order).

The plaintiffs did not appear for the depositions on February 22, 2017, and March 7, 2017. (Letter of David Ferrari dated March 13, 2017 (Ferrari "3/13/17 Letter") at 2). In response, the defendants requested that I issue a report and recommendation to dismiss this matter with prejudice in response to the plaintiffs' failure to comply with Court orders and to prosecute this action. (Ferrari 3/13/17 Letter at 3). In the alternative, the defendants requested that I compel the

plaintiffs to appear for depositions on pain of dismissal of the action. (Ferrari 3/13/17 Letter at 3). Instead of dismissing the case, I ordered the plaintiffs to appear for depositions on March 21, 2017, and March 23, 2017. (Memorandum Endorsement dated March 15, 2017 ("3/15/17 Memo Endorsement") at 3). In that Order, I stated that "[s]ince the defendants appear willing to give the plaintiffs one last chance to avoid dismissal of this case, I am as well." (3/15/17 Memo Endorsement at 3).

The plaintiffs did not appear for the depositions on March 21, 2017, and March 23, 2017. (Letter of David Ferrari dated April 5, 2017 ("Ferrari 4/5/17 Letter") at 3). In response, the defendants renewed their request that I issue a recommendation that this action be dismissed with prejudice. (Ferrari 4/5/17 Letter at 3).

Discussion

An action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure "[i]f the plaintiff fails to prosecute or to comply with the[ ] rules or a court order." The court's authority to dismiss for failure to prosecute "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." Peterson v. Apple Inc., No. 12 Civ. 6467, 2013 WL 3467029, at *8 (S.D.N.Y. July 10, 2013) (quoting Lyell Theatre

Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982)). The discretion to dismiss under this rule is guided by five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). Generally, no single factor is dispositive. Id.

Since dismissal with prejudice is a harsh sanction, a pro se plaintiff's action should be dismissed under Rule 41(b) only if the circumstances are "sufficiently extreme." Id. at 217 (quoting LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001)). Furthermore, dismissal must be preceded "by particular procedural prerequisites," which include "notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." Mitchell v. Lyons Professional Services, Inc., 708 F.3d 463, 467 (2d Cir. 2013). There must be "clear evidence" of the delinquency and "a high degree of specificity in the factual findings." Id. (quoting Mickle v. Morin, 297 F.3d 114, 125-26 (2d Cir. 2002)).

A. Delay

"The first factor breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." United States ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 255 (2d Cir. 2004). Each of the plaintiffs has twice "skipped a scheduled deposition . . . without giving notice . . . despite a court order instructing [them] to appear." Ampudia v. Lloyd, 531 F. App'x 32, 34 (2d Cir. 2013). The plaintiffs claim that they could not attend the depositions because, for example, "toxic vapors" (Letter of Ronald G. Taylor dated March 8, 2017, at 3), "dementia," and "sleep [] deprivation" (Letter of Ronald G. Taylor dated Feb. 21, 2017, at 3-4) prevented them from doing so; however, these excuses are unsubstantiated. Moreover, despite being unrepresented, Mr. Taylor attended a pre-trial conference in June 2016. The plaintiffs' failure to prosecute is therefore not a function of "illness and pro se status," see Baptiste, 768 F.3d at 217, but rather appears to result from the plaintiffs' "dilatory tactics," see Ampudia, 531 F. App'x at 34.

The duration of the plaintiffs' non-compliance is significant because the defendants have been unable to achieve any meaningful discovery since at least December of 2016 –- over six months ago -- when the plaintiffs first failed to appear for depositions. See id. (affirming dismissal after failed

7

depositions caused five-month delay); Brow v. New York City, 391 F. App'x 935, 936 (2d Cir. 2010) (six-month delay); Lyell Theatre, 682 F.2d at 42-43 (delay "may warrant dismissal after merely a matter of months"); Dinkins v. Ponte, No. 15 Civ. 6304, 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) (five-month delay); Toliver v. Okvist, No. 10 Civ. 5354, 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (five-week delay "is not insignificant").

B. Notice

The plaintiffs received notice when I warned them that "[f]ailure to appear shall result in sanctions, including possible dismissal of the complaint." (2/15/17 Order); see Ampudia, 531 F. App'x at 34 ("[D]ismissals following unheeded warnings generally do not constitute an abuse of discretion"). The plaintiffs again received notice when I warned them that "[f]ailure to appear will result in sanctions, including possibly dismissal of the complaint." (2/16/17 Order). The plaintiffs received notice yet again when I warned them in March 2017 that they had "one last chance to avoid dismissal of this case" by appearing for their respective depositions. (3/15/17 Memo Endorsement at 3); see Baptiste, 768 F.3d at 218 (requiring "clear guidance" on how to avoid dismissal). The plaintiffs received notice a final time "when the defendants submitted the

8

instant application seeking dismissal." Toliver, 2014 WL 2535111, at *2.

C. Prejudice

It is presumed that defendants are prejudiced as a matter of law to the extent that the delay was "lengthy . . . inexcusable . . . [and] contumacious." Drake, 375 F.3d at 256. Moreover, the defendants here were prejudiced as a matter of fact. The conduct of the plaintiffs "prevented [the] defendants from investigating the claims and increased litigation costs to [the] defendants, who had to expend resources preparing for the depositions." Ampudia, 531 F. App'x at 34. The plaintiffs' conduct also "threatens further, reasonably foreseeable future harm" because if the plaintiffs "continue unilaterally halting [their] deposition[s], the defendants are unlikely to be able to defend against these claims and clear their names and professional reputations given the serious nature of the charges they face." Watkins v. Marchese, No. 13 Civ. 3267, 2015 WL 4605660, at *13 (S.D.N.Y. July 31, 2015).

D. Balancing the Interests of the Court and the Plaintiff

The plaintiffs' failures to attend depositions have impaired "the efficient administration of judicial affairs," Peterson, 2013 WL 3467029, at *8 (quoting Lyell Theater, 682 F.2d at 42), though the impact of a single case is not

substantial. Accordingly, this factor weighs only slightly in favor of dismissal.

   E. Consideration of Lesser Sanctions

Since the defendants cannot adequately prepare for trial without deposing the plaintiffs, "[n]o sanction short of dismissal would be appropriate here." Toliver, 2014 WL 2535111, at *3 (forgoing lesser sanctions because "in addition to incurring the cost of moving for sanctions, the defendants have also suffered prejudice to their ability to prepare for trial"). Moreover, since the plaintiffs have a history of willfully ignoring the Court's orders and discovery deadlines, it is unlikely that lesser sanctions would be effective. See Watkins, 2015 WL 4605660, at *15. This is therefore an "extreme situation[]" that can only be remedied with "the harshest of sanctions." Lewis v. Frayne, 595 F. App'x 35, 38 (2d Cir. 2014) (quoting Mitchell, 708 F.3d 463 at 467).

Conclusion

For the reasons discussed above, I recommend that this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636 (b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objection shall be filed with the Clerk of the Court, with extra copies delivered

to the Chambers of the Honorable Paul A. Crotty, Room 1350, and to the Chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

                      Respectfully submitted,

                      JAMES C. FRANCIS IV
                      UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       June 15, 2017

Copies mailed this date:

Ronald G. Taylor,
Rose M. Taylor
420 W. 19th St., Apt. 3E
New York, NY 10011

Karl J. Ashanti, Esq.
David Ferrari, Esq.
New York City Law Department
100 Church Street
New York, NY 10007