UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONALD G. TAYLOR and ROSE M. TAYLOR,

        *Plaintiffs*,

-against-

NEW YORK CITY POLICE DEPARTMENT; JOHN AND JANE DOE OPERATIVES OF THE NEW YORK CITY POLICE DEPARTMENT; PATRICK CHAN, individually and in his official capacity within the New York City Housing Authority; ARALYN MASON, individually and in her official capacity within the New York City Housing Authority; RENEE WRIGHT, individually and in her official capacity within the New York City Housing Authority; NEW YORK CITY HUMAN RESOURCES ADMINISTRATION, DEPARTMENT OF ADULT PROTECTIVE SERVICE; DET. TARAH BARRETT, Shield #2277; SGT. JUAN ORTIZ, Shield #05606; JOHN AND JANE DOE OPERATIVES OF THE HUMAN RESOURCES ADMINISTRATION, ADULT PROTECTIVE SERVICES DIVISION UP TO AND INCLUDING THE INDIVIDUAL WHO PURPORTED TO BE A PSYCHIATRIST ON 11/5/15; THE JOHN AND JANE DOE POLICE OFFICERS; P.O. JESSICA RIVERA, Shield #18470,

        *Defendants*.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

15 Civ. 1536 (PAC) (JCF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-20-17

PAUL A. CROTTY, United States District Judge:

  Plaintiffs Ronald G. Taylor and Rose M. Taylor, proceeding *pro se*, bring this action pursuant to 42 U.S.C. § 1983 against the New York City Police Department, the New York City

Human Resources Administration, and various city officials (collectively "Defendants"). Ronald alleges that his constitutional rights were violated when police officers arrested him without probable cause on two occasions. His mother, Rose, alleges that her constitutional rights were violated when members of the New York City Housing Authority allowed her apartment to become uninhabitable.

Plaintiffs filed their initial complaint on March 2, 2015. In June 2016, Magistrate Judge James C. Francis IV ordered the parties to complete discovery by December 30, 2016. Discovery was not completed because Plaintiffs failed to attend depositions despite multiple court orders. Plaintiffs first failed to appear for depositions in December 2016. Magistrate Judge Francis later ordered Plaintiffs to appear for depositions on February 22, 2017 and March 7, 2017 and notified them that "[f]ailure to appear will result in sanctions, including possibly dismissal of the complaint." ECF 68. Plaintiffs did not appear for these depositions, and Magistrate Judge Francis ordered them to attend rescheduled depositions on March 21, 2017 and March 23, 2017, noting that "[s]ince the defendants appear willing to give the plaintiffs one last chance to avoid dismissal of the case, I am as well." ECF 75 at 3. Plaintiffs again failed to appear. As a result, Defendants requested that Magistrate Judge Francis issue a Report and Recommendation ("R & R") to dismiss the action for failure to comply with court orders and to prosecute the matter.

On June 15, 2017, Magistrate Judge Francis issued an R & R recommending that the Court dismiss the case with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Magistrate Judge Francis acknowledged that dismissal of a *pro se* plaintiff's action with prejudice is a "harsh sanction." R & R at 6. Nevertheless, he concluded that all five relevant factors—the duration of the failure to comply, notice to plaintiffs of the possibility of

dismissal, prejudice to defendants by further delay, balancing the interests of the court and the plaintiffs, and consideration of lesser sanctions—weighed in favor of dismissal. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (reciting factors).

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where neither party has made specific written objections to the report, the Court may adopt the report "so long as there is no clear error on the face of the record." *Feehan v. Feehan*, No. 09-cv-7016, 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011). "This rule applies to *pro se* parties so long as the magistrate's report 'explicitly states that failure to object to the report within fourteen (14) days will preclude appellate review.'" *Id.* (alterations omitted) (quoting *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

Although the R & R conveyed the deadline for filing objections and warned of the consequences, Plaintiffs did not file any timely objections. *See* R & R at 9-10. Instead, on October 1, 2017, Ronald Taylor mailed a letter to the Court asserting that Plaintiffs did not receive a copy of the R & R until August 30, 2017 because their mail is being intercepted and redirected to a P.O. Box in the control of the Defendants. The letter further contends that Plaintiffs had informed Magistrate Judge Francis that they could not attend the depositions because Defendants have "refused to secure the apartment" and thus it "cannot be unattended." ECF 83 at 6. Ronald Taylor did not make specific objections to other portions of the R & R but instead made general complaints about injustice and attached a plethora of documents unrelated to the issue of the failure to prosecute.

Even if the Court accepts Plaintiffs' excuse for their late response to the R & R and construes their explanation of why they could not attend the depositions as a specific objection to

3

the R & R, the Court finds that the R & R's analysis remains sound. Plaintiffs' objection relates only to that portion of the R & R attributing the failure to prosecute solely to the plaintiffs when analyzing the first factor of the test for dismissal. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004) ("The first factor breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration."). Accordingly, the Court reviews *de novo* only that portion of the R & R. *See Pizarro v Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) ("When an objection is raised, the court is required to conduct a *de novo* review of the contested sections.").

The R & R attributed the failure to prosecute to Plaintiffs because it found that Plaintiffs' excuses were "unsubstantiated" and because Ronald Taylor displayed that he was capable of appearing in court by attending a pre-trial conference in June 2016. R & R at 7. The Court has reviewed the letters that Ronald Taylor sent to Magistrate Judge Francis in February and March of 2017 and finds no mention that Plaintiffs could not attend any of the depositions because of Defendants' failure to secure plaintiffs' apartment. In a letter dated February 21, 2017, Ronald cites physical exhaustion and sleep deprivation as a basis for requesting a stay but does not indicate whether Plaintiffs would attend the upcoming depositions. ECF 69 at 4-5. In a letter dated March 8, 2017, Ronald implies that he did not attend the March 7 deposition because he was taking care of his mother, who had suffered a "traumatic head injury," and he asserts that he "provided a solution to the deposition debacle and that was to conduct the deposition at Ms. Taylor's apartment." ECF 71 at 1-2. He does not, however, suggest that Plaintiffs were unable to leave the apartment because of Defendants' failure to secure it. Furthermore, as the R & R noted, the excuses that he did offer remain unsubstantiated. The Court considers these excuses unpersuasive and thus finds that the failures to prosecute were those of the plaintiffs.

The Court reviews the remainder of the R & R for clear error and finds none in either its analysis or weighing of the factors. Hence, the Court adopts Magistrate Judge Francis's R & R in its entirety and grants Defendants' request to dismiss this case with prejudice under Rule 41(b). The Clerk of the Court is directed to terminate this case.

SO ORDERED:

_____
PAUL A. CROTTY
United States District Judge

Dated: November 17, 2017
 New York, New York

Copy Mailed By Chambers To:

Ronald G. Taylor,
Rose M. Taylor
420 W. 19th St. Apt. 3E
New York, NY 10011-3815